Jason Balogh (CSB # 238199)
jason@baloghlaw.com
Balogh Law
535 Main Street, Suite 307
Martinez, CA  94553
Telephone: 510-473-2697
Facsimile: 925-374-0466

Attorneys for Plaintiff John Donohue

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DONOHUE<br><br>                    Plaintiff,<br><br>            v.<br><br>CITY OF CONCORD, a municipal corporation,<br>CONCORD CHIEF OF POLICE GUY<br>SWANGER, Police Officer DANIEL<br>WALKER, individually and in his capacity as<br>an officer for the Concord Police Department,<br>and DOES 1 through 20.<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)**<br><br>**(JURY TRIAL DEMANDED)** |

1

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

## INTRODUCTION

1.    This action arises out of Concord Police Department officer Daniel Walker (badge number 568) and other Concord Police Officers (Does 1-10) unconstitutional excessive force, beating, and deployment of a police K-9 on John Donohue ("Plaintiff"). During the night of December 31, 2018 and the morning of January 1, 2019 in Concord California, without need or legal justification, officer Walker and DOES 1-10 assaulted, battered, and instructed the K-9 on Mr. Donohue while he was sleeping, defenseless, and unresisting. The officers and K-9 caused serious and permanent injuries to Mr. Donohue's head and leg.

2.    This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used on Mr. Donohue.

## JURISDICTION AND VENUE

3.    This action arises under Title 42 of the United States Code § 1983. Title 28 of U.S.C. §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Concord, Contra Costa County, California, which is within the judicial district of this Court. The Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. §1367.

4.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, acts, and omissions giving rise to Plaintiff's claims occurred in this district, in Concord, California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.    This action at law for money damages arises under Title 42 U.S.C. Sections, 1983 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of authority, state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

## IDENTIFICATION OF PARTIES

6.  Plaintiff JOHN DONOHUE sues to prosecute an action for violation of his 4th Amendment rights. At all relevant times mentioned herein, Plaintiff was a resident of Contra Costa County, California.

7.  Defendant CITY OF CONCORD (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California. At all times mentioned herein, City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Concord Police Department and its tactics, methods, practices, customs and usage. At all relevant times, City was the employer of Defendants Walker, Swanger, and DOES 1 through 10.

8.  Defendant GUY SWANGER was at all relevant times the Chief of Police for the City of Concord and he committed the acts complained of herein while acting as such and he is sued herein in his official capacity.

9.  Defendant Officer DANIEL WALKER is and was at all relevant times employed as a police officer by the CITY and committed the acts complained of herein while acting within the scope and course of his official duty as a police officer.  He is sued in both his individual and official capacity.

10. Plaintiff is unaware of the true names of those persons sued herein as Does 1 through 20 and therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes that said Defendants are police officers employed by the CITY and that their wrongful acts proximately caused Plaintiff's injuries and violated his civil rights.  Plaintiff shall substitute the true names of such defendants when they become known.

11. Each of the acts complained of herein was taken, and each violation of Plaintiff's rights occurred, pursuant to the policies, practices and/ or customs of the Defendant Concord Chief of Police, Guy Swanger (hereinafter "Chief"), each act complained of was approved, condoned and/ or ratified by the person of authority: the Defendant Chief and possibly others.

12. In committing each of the violations of law complained of herein defendants, their agents and employees were acting under color of law. The acts complained of were willful, wanton,

---

3

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

malicious and displayed a conscious disregard of, and in deliberate indifference to Plaintiff's constitutional rights..

13. Plaintiff demands a jury trial.

### ADMINISTRATIVE PREREQUISITES

14. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely filed a tort claim against Concord. On _____ Plaintiff received notice that the City rejected his claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

### STATEMENT OF FACTS

15. On the night of December 31, 2018 and the morning of January 1, 2019, Plaintiff was sleeping in an abandoned building on Monument Boulevard in Concord, California.  Plaintiff awoke to hear an officer yell "Concord Police" and felt someone pulling his arm.  Three officers, including Defendant Officer Walker, were present.  Plaintiff was punched multiple times by an officer, fell unconscious and hit the floor.  When he came to, an officer was on top of him punching him in the head from behind.  Another officer kicked him multiple times.  This same officer ran at Plaintiff and kicked him in the head multiple more times.  An officer was behind Plaintiff twisting his arm back.  While an officer was on top of Plaintiff, the police K-9 dog was deployed and bit and pulled Plaintiff's leg multiple times in the same part of the leg. The officers stopped hurting Plaintiff and the medics arrived.  Plaintiff heard one officer state to the medics that he had his safety off and his gun out.  Several police officers were standing outside the building.  The Officer who was holding the gun said "we beat the shit out of that guy."  As a direct result of the Defendants' brutal battery and use of excessive force, Plaintiff suffered multiple injuries including skull fracture, subdural hematoma, epidural hematoma, midface fracture, orbital fracture, tripod fracture, nasal fracture, cervical fracture, significant soft tissue injuries, severe cuts and bruising, a concussion and a large leg wound from the dog bites.

### DAMAGES

16. As a consequence As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally,

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

17. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Civil Rights- 42 U.S.C. Section 1983 – Against Defendants Officer Walker and DOES 1 through 10**

18. Plaintiff re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 17, above, as if fully set below.

19. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

20. Plaintiff had a firmly established right under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

21. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

22. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

23. Plaintiff posed no threat to the Defendant Officers or anyone else when he was attacked, kicked, punched, and the K-9 was released.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

24. The use of force by Defendants in apprehending Plaintiff, including kicking, punching, and dog bites were unreasonable under the prevailing circumstances and thus violated the Plaintiff's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

25. The use of force in releasing a police K-9 and subsequently beating Plaintiff was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

26. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and Concord Police Department

27. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

28. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

29. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE Plaintiff seeks relief as set forth below.

## SECOND CAUSE OF ACTION

**Violation of Civil Rights – 42 U.S.C. Section 1983 - Monell claim against Defendants City, Chief, and DOES 11 through 20**

30.  Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 29, above, as if fully set below.

31. On information and belief Defendants Walker and DOES 1-10 conduct, individually and as peace officers was ratified by Chief and City's police department supervisorial officers DOES 11-20.

6

32. Defendants City and Chief had a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Plaintiff, from being harmed by the police unnecessarily.

33. On and for some time prior to December 31, 2018, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

 a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive force, respect for the Fourth Amendment, and unlawful deployments of police K-9's;

 b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and unlawfully deploying police K-9's;

 c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

 d. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful seizures, excessive force, and the unlawful deployment of police K-9's;

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

    e.  By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

    f.  By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    g.  By failing to properly investigate claims of unlawful seizures and excessive force by City Police Officers.

34. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost his earning capacity for which Plaintiff is entitled to recover damages.

35. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

36. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

37. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

38. Said Defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

WHEREFORE Plaintiff seeks relief as set forth below.

### THIRD CAUSE OF ACTION

### Violation of California Civil Code Section 52.1 - Against Defendants Officer Walker and DOES 1 through 10

39. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 38, above, as if fully set below.

40. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

41. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

42. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

43. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

44. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### Battery - Against Defendants Officer Walker and DOES 1 through 10

45. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 44, above, as if fully set below.

46. Defendants touched Plaintiff with the intent to harm or offend him.

47. Plaintiff did not consent to the touching and was harmed by it.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

48. A reasonable person in Plaintiff s situation would have been offended by the touching.

49. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress  - Against Defendants Officer Walker and DOES 1 through 10

50. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 49, above, as if fully set below.

51. Defendants' conduct as described herein was outrageous.

52. Defendants intended to cause Plaintiff emotional distress.

53. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

54. Plaintiff suffered severe emotional distress from Defendants' harassment.

55. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

56. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

57. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

## SIXTH CAUSE OF ACTION

### Negligence  - Against Defendants City, Officer Walker and DOES 1 through 10

58. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 57, above, as if fully set below.

59. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Officer Walker and DOES 1-10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Officer Walker and DOES 1-10 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Officer Walker and DOES 1-10 pursuant to section 815.2 of the California Government Code.

60. Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff.

61. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

62. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

63. Plaintiff hereby demands a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as set forth below:

1.  For general damages in the amount according to proof;

2.  For special damages in amount to be determined at trial;

3.  For punitive damages in an amount according to proof against each Defendant Officer Walker and DOES 1-10;

4.  For costs of suit and reasonable attorneys' fees pursuant to statute;

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

5.  For all other relief to which they may be legally entitled.

DATED: December 27, 2019                    BALOGH LAW

By:     /s/ Jason Balogh
        JASON BALOGH
        Attorney for Plaintiff John Donohue

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS