UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DONOHUE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CONCORD, et al.,<br><br>    Defendants. | Case No. 19-cv-08439-TSH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

## I.   INTRODUCTION

In this 42 U.S.C. § 1983 excessive force case, Plaintiff John Donohue moves pursuant to Federal Rule of Civil Procedure 15 to amend his complaint to add Officers Justin Riche and Shaun Parsley as defendants. ECF No. 34. Defendants City of Concord and Officer Daniel Walker filed a statement of non-opposition. ECF No. 35. The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 12, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[1]

## II.   BACKGROUND

The following factual allegations are taken from Donohue's complaint filed December 28, 2019. ECF No. 1. On the morning of January 1, 2019, Donohue was sleeping in an abandoned building on Monument Boulevard in Concord, California. He awoke to hear an officer yell "Concord Police" and felt someone pulling his arm. Three officers, including Officer Walker, were present. Donohue was punched multiple times by an officer, fell unconscious and hit the

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 10, 22.

1  floor. When he came to, an officer was on top of him punching him in the head from behind.

2  Another officer kicked him multiple times. This same officer ran at Donohue and kicked him in

3  the head multiple more times. An officer was behind Donohue twisting his arm back. While an

4  officer was on top of Donohue, a police K-9 dog was deployed and bit and pulled his leg multiple

5  times. When the medics arrived, Donohue heard one officer state to the medics that he had his

6  safety off and his gun out. Several police officers were standing outside the building. The officer

7  who was holding the gun said, "we beat the shit out of that guy." As a direct result of the officers'

8  actions, Donohue suffered multiple injuries.

9  At the time he filed his complaint, Donohue was only aware of Officer Walker's identity:

> Plaintiff is unaware of the true names of those persons sued herein as Does 1 through 20 and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that said Defendants are police officers employed by the CITY and that their wrongful acts proximately caused Plaintiff's injuries and violated his civil rights. Plaintiff shall substitute the true names of such defendants when they become known.

Compl. ¶ 10.

As the Contra Costa County District Attorney's Office filed criminal charges against Donohue arising out of this incident, the parties agreed to stay this case until the underlying criminal case was fully resolved. ECF No. 14. On March 16, 2022, the Court lifted the stay and subsequently issued a case management order, setting a deadline of December 5, 2022 to seek leave to amend the pleadings. ECF Nos. 16, 29.

Donohue filed the present motion on December 5. He states that discovery revealed that Officers Riche and Parsley were involved, together with Walker, in the incident that gave rise to his injuries. Specifically, Donohue now alleges Officer Riche was the K9 handler who deployed the police K-9 dog that bit and pulled his leg multiple times, and Officer Parsley struck him multiple times.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its original pleading once as a matter of course within 21 days of serving it. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   Bad Faith and Undue Delay

As to the first two factors, the Court finds the proposed amendment is not sought in bad faith or with a dilatory motive. As to the first, bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). As to the second, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-89 (9th Cir. 1990) (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). A moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson*, 902 F.2d at 1388.

Whether the moving party knew or should have known the facts and theories raised in the

3

1  proposed amendment at the time it filed its original pleadings is a relevant consideration in

2  assessing untimeliness.  *Id.*  "[L]ate amendments to assert new theories are not reviewed favorably

3  when the facts and the theory have been known to the party seeking amendment since the

4  inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781

5  F.2d 1393, 1398 (9th Cir. 1986).  "At some point, . . . a party may not respond to an adverse ruling

6  by claiming that another theory not previously advanced provides a possible [ground] for relief

7  and should be considered." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir.

8  1989) (quotation marks omitted).

9        Here, there is no evidence of bad faith as Donohue does not seek to add any new claims,

10  instead adding two defendants whose identities were revealed during discovery.  Whether the

11  moving party knew or should have known the facts and theories raised in the proposed amendment

12  at the time it filed its original pleadings is a relevant consideration in assessing untimeliness.

13  *Jackson*, 902 F.2d at 1388.  There is no indication Donohue knew or should have known all three

14  officers' identities at the time he filed his complaint.  Finally, there is no indication Donohue

15  delayed in seeking leave to amend.  While this case was filed three years ago, the parties stipulated

16  to stay the matter pending resolution of criminal proceedings.  The Court lifted the stay this year

17  and issued a case management order three months ago, and this motion is brought within the time

18  allowed to amend pleadings under the scheduling order  As such, the Court finds these factors

19  favor amendment.

20  **B.     Prejudice to the Opposing Party**

21        "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.

22  *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185

23  (9th Cir. 1987)).  However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the

24  amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort*

25  *Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott*

26  *Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).  Here, Defendants have made no showing of

27  prejudice.  Further, Donohue stated in the parties' July 21 case management statement that he

28  would seek to substitute in the names of the additional officers once their names became known

through discovery, and he brought his request by the December 5 deadline to seek leave to amend. Finally, several months remain for the parties to conduct additional discovery, and no other case management deadlines are affected by the amendment. *Compare Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). This factor also favors amendment.

## C. Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182. The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Miller*, 845 F.2d at 214.

To satisfy the 12(b)(6) pleading standard, a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted) (quotation marks omitted).

A claim under 42 U.S.C. § 1983 requires a claimant prove (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). In his proposed amended complaint, Donohue alleges Officers Justin Riche and Shaun Parsley participated in the same acts as Officer Daniel Walker that deprived him

5

of his constitutional rights. ECF No. 34-2. Thus, leave to amend would not be futile.

**D.     Previous Amendments**

As Donohue has not previously sought leave to amend, this factor weighs in his favor. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted) (citing *Griggs*, 170 F.3d at 879).

**V.     CONCLUSION**

Based on the analysis above, the Court **GRANTS** Donohue's motion to amend. Donohue shall file the amended complaint as a separate docket entry by December 23, 2022.

**IT IS SO ORDERED.**

Dated: December 19, 2022

THOMAS S. HIXSON
United States Magistrate Judge